IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CENTER CAPITAL CORPORATION**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:10-CV-738-L |
| | § | |
| **K. KYLE LEWIS** and | § | |
| **KEITH LEWIS,** *Trustee of K. Kyle Lewis* | § | |
| *Trust I, Trustee of K. Kyle Lewis Trust II,* | § | |
| *Trustee of K. Kyle Lewis Trust III,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b), filed August 12, 2010. After consideration of the motion, appendix, record, and applicable law, the court hereby **grants** Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b).

**I.     Background**

Plaintiff Center Capital Corporation ("Plaintiff") filed its Complaint for Money Damages ("Complaint") against Defendants K. Kyle Lewis and Keith Lewis (collectively, "Defendants") in this court on April 12, 2010. Defendants were served on April 26, 2010, and the summonses were returned as executed on April 29, 2010.[1] To date, Defendants have filed no answer to Plaintiff's Complaint or otherwise defended in this lawsuit.

This action arises out of nonparty Lewis Equipment's default on a promissory note (and other related documents) originally held by nonparty Key Equipment Finance, Inc. ("Key"). Prior to the default by Lewis Equipment, Key assigned, sold, and transferred all right, title, and interest

---

[1]As far as the court can glean from the Complaint, Defendants are actually the same person being sued in both his personal capacity and in his capacity as trustee for three separate trusts.

**Memorandum Opinion and Order – Page 1**

in the promissory note and its related documents to Plaintiff. When the original terms of the promissory note and related documents were being negotiated, Defendants took steps to induce Key into the agreement with Lewis Equipment. Defendants executed a Personal Guaranty, making K. Kyle Lewis personally liable in the event of a default, and three Corporate Guarantys, making Keith Lewis liable in his capacity as trustee of three trusts in the event of a default.

Ultimately, Lewis Equipment defaulted under the terms of the agreement. On September 10, 2009, Plaintiff accelerated the balance due, and Lewis Equipment subsequently filed for Chapter 11 bankruptcy. Plaintiff now seeks compensation from Defendants pursuant to their Guarantys for the full amount owed under the agreement as well as all accrued interest and attorney's fees pursuant to the agreement's terms.

Plaintiff requested the clerk to issue entry of default on June 4, 2010, and default was entered by the clerk on June 7, 2010. Plaintiff now requests entry of default judgment against Defendants to enforce the payment owed under the terms of the agreement, in addition to attorney's fees and costs.

## II. Analysis

The court finds that because Defendants have neither filed an answer to the Complaint nor otherwise defended in this lawsuit, and because Defendants are not minors, incompetent persons, or in the military, Plaintiff is entitled to judgment against Defendants. The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its Complaint, the facts in Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b), and those set forth in the appendix accompanying the motion.

### A. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiff asks the court to award $286,722.49 in damages, which it asserts is the principal balance outstanding and owed by Defendants under the terms of the agreement, as set forth in the Complaint and after a $30,000 reduction from payments received pursuant to an Agreed Order entered in the bankruptcy case handling Lewis Equipment's Chapter 11 claim.

The court finds this $286,722.49 amount confusing. Plaintiff states in the Complaint and in its motion that, before the $30,000 reduction, the total amount of the principal balance owed was $278,797.38. Inexplicably, after applying a $30,000 credit to that amount, Plaintiff now contends it is owed $286,722.49 on the principal balance. From what the court can glean from the motion and the calculations, it appears that Plaintiff has included prejudgment interest accruing from the September 10, 2009 acceleration date to the June 4, 2010 date of the clerk's entry of default. Although the court concludes that this method of calculation is not necessarily wrong, Plaintiff's lack of an explanation unnecessarily complicated the court's task in assessing the value of the amount owed.

Plaintiff further requests contractual interest on the balance owed from June 4, 2010, through the entry of judgment at the rate of $138.10 *per diem*. The court determines that such interest is ascertainable from the Complaint and the attached documents governing the agreement. Plaintiff is therefore entitled to $286,722.49 plus prejudgment interest at the rate of $138.10 *per diem* accruing from June 4, 2010, to the date of judgment.

**B.     Costs and Attorney's Fees**

Plaintiff also seeks costs of $5,543.61 and attorney's fees of $13,782.50. In support, Plaintiff submits—as part of the motion's appendix—the affidavit of attorney Vincent M. Bidez of the law firm Dressler Peters, LLC, which represents Plaintiff in this action. The affidavit and attached billing records detail the charges and expenses incurred on Plaintiff's behalf by the firm. The billing records identify the legal services performed, by whom such services were performed, the time expended thereon, and the hourly rate charged therefor. The affidavit also makes clear that the amounts are reasonable and commensurate with amounts typically charged in the Dallas-Fort Worth market for the legal services provided in a case like Plaintiff's and by attorneys with comparable ability, experience, and skill of those retained by Plaintiff in this matter. The court finds that the costs and fees were reasonable and necessary for the prosecution of Plaintiff's case.[2]

Based upon the record before it, the court determines that Defendants have failed to make payments to Plaintiff as required under the Guarantys backing the agreement. Having reviewed the affidavit of Vincent M. Bidez and the attached billing records against the backdrop of applicable law, the court determines that Plaintiff is entitled to costs in the amount of $5,543.61 and reasonable attorney's fees in the amount of $13,782.50. Accordingly, the court will award these amounts to Plaintiff and determines that such rates for the legal and paralegal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the local area legal community.

**III.    Conclusion**

---

[2]The billing records state that 75.70 total hours of legal work were necessary for Plaintiff's lawsuit and that the billing rates of the various attorneys working on the necessary matters ranged from $100 to $225 per hour.

For the reasons stated, the court **grants** Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b). Accordingly, the court hereby **orders** that default judgment be entered for Plaintiff in the amount of $286,722.49 (which includes prejudgment interest from September 10, 2009, to June 4, 2010) plus prejudgment interest at the rate of $138.10 *per diem* from June 4, 2010, until the date of judgment. Costs in the amount of $5,543.61 and reasonable attorney's fees in the amount $13,782.50 are assessed against Defendant pursuant to the terms of the agreement. Postjudgment interest thereon shall be paid to Plaintiff at the applicable federal rate until the total amount of judgment is paid in full. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 20th day of August, 2010.

Sam A. Lindsay
United States District Judge